## UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
## PENSACOLA DIVISION

ISAAC SEAN KING,

      Petitioner,

v.                                                           Case No. 3:21-cv-978-MCR/MJF

M.V. JOSEPH,

      Respondent.

_____/

## REPORT AND RECOMMENDATION

Because Petitioner Isaac Sean King has failed to pay the filing fee, failed to prosecute this section 2241 action, and has failed to comply with court orders, the undersigned respectfully recommends that the District Court dismiss this action without prejudice.[1]

### I. BACKGROUND

On August 23, 2021, King, a federal prisoner proceeding *pro se*, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 and a supporting memorandum of law. Docs. 1, 2. On August 25, 2021, the undersigned ordered King to pay the $5.00 filing fee or file a motion for leave to proceed *in forma pauperis*.

---

[1] The District Court referred this case to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b); Fed R. Civ. P. 72(b).

Doc. 4. The undersigned imposed a deadline of September 24, 2021 to comply. The undersigned warned King that his failure to comply with the undersigned's order likely would result in dismissal of this action for failure to comply with an order of the court, failure to prosecute, and failure to pay the filing fee. *Id.* at 2. King did not comply with the undersigned's order.

On October 12, 2021, the undersigned ordered King to explain and show cause why this case should not be dismissed for failure to comply with the undersigned's order. Doc. 5. The undersigned imposed a deadline of November 3, 2021 to comply. The undersigned again warned King that his failure to comply with the undersigned's order likely would result in dismissal of this action for failure to comply with a court order, failure to pay the filing fee, and failure to prosecute. *Id.* King did not comply with that order.

As of the date of this report and recommendation, King has not paid the $5.00 fee or filed a motion for leave to proceed *in forma pauperis*. Additionally, King has not responded to the undersigned's show-cause order.

## II. Discussion

"A federal court has at its disposal an array of means to enforce its orders, including dismissal in an appropriate case." *Degen v. United States*, 517 U.S. 820, 827 (1996); *see, e.g.*, N.D. Fla. Loc. R. 41.1 (authorizing the court to dismiss a claim when a party fails to comply with an applicable rule or court order). "Federal courts

possess an inherent power to dismiss a complaint for failure to comply with a court order." *Foudy v. Indian River Cnty. Sheriff's Off.*, 845 F.3d 1117, 1126 (11th Cir. 2017); *Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc.*, 556 F.3d 1232, 1240 (11th Cir. 2009) ("The court may dismiss a claim if the plaintiff fails to prosecute it or comply with a court order."); *see Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (noting a court's inherent power to dismiss an action is not precluded by Fed. R. Civ. P. 41(b)). A court also may dismiss an action for failure to pay the filing fee. *Wilson v. Sargent*, 313 F.3d 1315, 1320, 1321 (11th Cir. 2002); *Thomas v. Butts*, 745 F.3d 309, 312-13 (7th Cir. 2014). Courts need not wait for a motion to dismiss. Rather, they may *sua sponte* dismiss cases for failure to comply with court orders, failure to prosecute an action, and failure to pay the filing fee. *Costello v. United States*, 365 U.S. 265, 286-87 (1961); *Snider v. Melindez*, 199 F.3d 108, 112 (2d Cir. 1999).

On August 25, 2021, the undersigned ordered King to pay the $5.00 fee or file a motion for leave to proceed *in forma pauperis*. Doc. 4. Despite having almost three months to comply with the undersigned's order, King has neither paid the filing fee nor filed a motion for leave to proceed *in forma pauperis*. He also has not complied with the undersigned's orders and has not prosecuted this action. For these reasons, this action should be dismissed without prejudice.

### III. Conclusion

Because King has failed to prosecute this action, has failed to comply with court orders, and has failed to pay the filing fee, the undersigned respectfully **RECOMMENDS** that the District Court:

1.  **DISMISS** this case without prejudice.

2.  Order the clerk of the court to close this case.

At Pensacola, Florida, this <u>22nd</u> day of November, 2021.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

### <u>NOTICE TO THE PARTIES</u>

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**